

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 26, 1959.

Honorable William A. Harrison          Opinion No. WW-656
Commissioner of Insurance
State Board of Insurance               Re:  Whether Article
Austin 14, Texas                            21.11, Texas Insurance
                                            Code, the Non-Resident
                                            Agent's Licensing Law,
                                            is applicable to persons
Dear Mr. Harrison:                          residing in Puerto Rico

          You request an opinion "as to whether the word 'State'
as used in Article 21.11, limits the provisions of such statute
to the other 48 states of the United States, or whether it
extends to territories, provinces and commonwealths and in
particular Puerto Rico?"

          The non-resident agent's licensing law found in Article
21.11, Texas Insurance Code, provides:

          "Upon application, in such form as the
     Board of Insurance Commissioners may require,
     a non-resident of this State who is duly licensed
     to transact insurance other than life under the
     laws of the State wherein such applicant resides,
     if such State does not prohibit residents of this
     State from acting as insurance agent therein, the
     Board of Insurance Commissioners may issue to such
     applicant a Non-Resident Agent's license."

This provision became part of Article 21.11 by amendment in 1955,
Acts 54th Leg., 1955, p. 604, ch. 210, §1.

          It is not a novel definition of the word "State" to
define it generally so as to include territories, provinces and
commonwealths of the United States if the purposes and intent
of a particular statute indicate that such a definition was
intended.  Talbott v. Silver Bow County, 139 U.S. 438 (1891),
was a case involving an attempt by Montana territory to tax
shares of stock owned by an individual in a national bank lo-
cated within the territory.  Congress had passed a statute
granting permission for States to tax shares of stock as the
territory had attempted to do in this case.  The contention was
made that the consent was given only to States as such and did
not extend to territories.  The Court, basing its decision on

the purpose of the law and the intent of Congress, held that the word "State" should be defined generally so as to include territories. In reaching this conclusion, the Court said at page 444:

> "Still further, while the word State is often used in contradistinction to Territory, yet in its general public sense, and as sometimes used in the statutes and the proceedings of the government, it has the larger meaning of any separate political community, including therein the District of Columbia and the Territories, as well as those political communities known as States of the Union."

The Court quoted with approval the following passage from Geofroy v. Riggs, 133 U.S. 258, 268 (1890):

> " . . . .separate communities, with an independent local government, are often described as States, though the extent of their political sovereignty be limited by relations to a more general government or to other countries."

Mora v. Majias, 206 F. 2d 377, 387 (1st Cir.1953), was a recent case involving an attempt to enjoin the enforcement by the Secretary of Agriculture and Commerce of Puerto Rico of a price regulation setting a maximum price on rice. In upholding a refusal by a single judge district court to grant the injunction, the Court discussed the applicability of 28 U.S.C. §2281, which requires a three judge federal district court for injunctions restraining the operation or execution of any State statute. Referring to the Act of Congress whereby Puerto Rico was transformed from a territory into a commonwealth, the Court said:

> "Puerto Rico has thus not become a State in the federal Union like the 48 States, but it would seem to have become a State within a common and accepted meaning of the word . . . It is a political entity created by the act and with the consent of the people of Puerto Rico and joined in union with the United States of America under the terms of the compact.
>
> "A serious argument could therefore be made that the Commonwealth of Puerto Rico is a State within the intendment and policy of 28 U.S.C. §2281."

Turning now to Article 21.11, Texas Insurance Code, we find in the emergency clause of the act passing the amendment an expression of what the Texas Legislature was attempting to do when they passed the amendment.  This clause reads as follows:

> "The fact that many other States issue licenses to Non-Resident Agents and permit the division of commission on a retaliatory basis, makes it impossible for a Recording Agent of Texas to obtain a Non-Resident Agent's license in these States and thereby citizens of Texas having property located in these other States are prevented from having the services of their own Recording Agents of Texas for such risks, . . . ."

The purpose of this amendment is to accommodate citizens of Texas, who own property in States other than Texas, by providing a way whereby Texas Recording Agents can obtain Non-Resident Agent's licenses in those States due to their reciprocity requirements; therefore, the word "State" should be defined to give effect to this legislative purpose.

It is quite possible and probable that Texas citizens will own property in the territories, provinces and commonwealths of the United States as well as the other forty-eight States. If such territories, provinces and commonwealths require reciprocity in order to license Non-Resident Agents, then to define the word "State" not to include such areas would defeat the intention of the Legislature in passing this amendment.  For example, the Commonwealth of Puerto Rico requires such reciprocity (Puerto Rico Ins. Code, Art. 9.260).

In other words the purpose of this amendment is to license non-residents in order that Texas Agents can meet reciprocity requirements in other jurisdictions, and any construction of this statute which would restrict the licensing of non-residents to those residing in the other 48 States would partially defeat this purpose.

It is our opinion that the word "State" as used in Article 21.11, Texas Insurance Code, should be given a general construction so that a territory or commonwealth exercising local sovereignty over a geographical area under Federal dominion, as for example the licensing of Insurance Agents, would fall within the scope of Article 21.11.

## SUMMARY

The word "State" as used in the
Non-Resident Agent's licensing
clause found in Article 21.11, Texas
Insurance Code, includes territories,
provinces and commonwealths and in
particular Puerto Rico.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *John Flowers*
John Flowers
Assistant

JF:mfw

APPROVED:

OPINION COMMITTEE

Riley Eugene Fletcher, Chairman

Marvin Brown
Dean Davis
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert